**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ZTEX ENERGY, LLC, et al.,

Plaintiffs,

vs.

CREST OIL & GAS, LTD., et al.,

Defendants.

_____/

CASE NO. CV F 11-0007 LJO JLT

**ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTIONS TO DISMISS**
(Doc. 6.)

**INTRODUCTION**

Defendants seek to dismiss plaintiffs' breach of contract claim as a compulsory cross-complaint which should be pursued in underlying state court litigation.[1] Mr. Horan seeks to dismiss this action in that California lacks personal jurisdiction over him. Plaintiffs concede that Crest Management and Mr. Horan are improper defendants but contend that their breach of contract claim against Crest Ltd. is not a compulsory cross-complaint. This Court considered defendants' F.R.Civ.P. 12(b)(2) and 12(b)(6) motions to dismiss on the record and VACATES the February 17, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed above, this Court DISMISSES this action with limited leave to amend.

---

[1] Plaintiffs are ZTEX Energy, LLC ("ZTEX"), Vista Energy, LLC ("Vista Energy"), and Kerry Kemp ("Mr. Kemp") and will be referred to collectively as "plaintiffs." Defendants are Crest Oil & Gas, Ltd. ("Crest Ltd."), Crest Oil & Gas Management Corp. ("Crest Management"), and Edwin Horan, III ("Mr. Horan") and will be referred to collectively as "defendants."

## BACKGROUND

### Plaintiffs' Claims

On October 19, 2010, plaintiffs filed their California Judicial Council form complaint ("complaint") in Kern County Superior Court to allege a single breach of contract claim. Defendants removed the action to this Court on grounds of diversity jurisdiction.

The complaint alleges:

1. In December 2006, Mr. Horan on Crest Ltd.'s behalf made an oral promise to Mr. Kemp on ZTEX and Vista Energy's behalf that "he would not sue" plaintiffs if Mr. Kemp "continued to work with Horan in an attempt to come to an agreement to participate in an oil and gas development project, commonly known as the Canfield Ranch Project near Bakersfield, California"[2];

2. On October 7, 2008, Crest Ltd. filed a Kern County Superior Court action "in direct breach of the promise" made by Mr. Horan on Crest Ltd.'s behalf; and

3. Plaintiffs have incurred attorney fees and costs to defend Crest Ltd.'s action.

### Underlying Action

In October 2008, Crest Ltd. had filed its Kern County Superior Court action entitled *Crest Oil & Gas, Ltd. v. Wells Fargo Energy Capital, Inc., et al.*, Case No. S-1500-CV-265303-WDP ("underlying action"), which has been litigated to completion. The original complaint in the underlying action named plaintiffs and Wells Fargo Energy Capital, Inc. ("Wells Fargo Energy") as defendants and pursued breach of contract, fraud, and trade secret misappropriation claims. The gist of the underlying action complaint was that Crest Ltd. and ZTEX entered into a December 2006 agreement ("underlying action agreement") for Crest Ltd.'s financial investment into exploration of gas and oil for the Canfield Ranch Project and that in April 2007, ZTEX eliminated Crest Ltd.'s participation in the Canfield Ranch Project given that Wells Fargo Energy agreed to fund the Canfield Ranch Project in exchange for a financial interest in it. In short, the underlying action alleged that ZTEX edged out Crest Ltd. in favor of Wells Fargo Energy.

---

[2] This Court will refer to the promise at issue in this action as the "no sue promise" and the oil and gas project as the "Canfield Ranch Project."

**DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS**

**F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

Defendants seek to dismiss plaintiffs' breach of contract claim as vague and ambiguous and as a compulsory cross-complaint subject to the underlying action.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). A court properly may take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

With these standards in mind, this Court turns to defendants' challenges to plaintiffs' breach of contract claim.

**F.R.Civ.P. 8 Pleading Requirements**

Defendants appear to contend that the complaint is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some

degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The complaint's gist is that Crest Ltd. breached the no sue promise, that is, Mr. Horan's oral promise to ZTEX that "he would not sue" plaintiffs if Mr. Kemp worked with Mr. Horan to reach an agreement to participate in the Canfield Ranch Project. Defendants fault the complaint in that it:

1. Fails to allege that Mr. Horan breached the no sue promise or was a party to an agreement with plaintiffs;
2. Fails to allege that Crest Management filed an action against plaintiffs or was a party to an agreement with plaintiffs;
3. Fails to allege that Mr. Horan took action, as an individual, in California; and
4. Is vague and ambiguous as to who made the alleged no sue agreement.

The complaint fails to satisfy F.R.Civ.P. 8. The complaint lacks facts of each defendants' purported wrongdoing to provide fair notice as to what they are to defend. As plaintiffs appear to concede, purported claims against Mr. Horan and Crest Management are uncertain since only Crest Ltd. filed the underlying action and the complaint alleges Mr. Horan made the no sue promise on Crest Ltd.'s behalf. The complaint lacks sufficient facts to support a breach of contract claim against Mr. Horan and Crest Management. The complaint is unclear as to Crest Ltd.'s alleged liability for breach of the no sue promise. The complaint lacks specific, clearly defined allegations to give fair notice of claims plainly and succinctly to warrant the complaint's dismissal, with leave to amend only as to Crest Ltd.

**Compulsory Cross-Complaint In Underlying Action**

Defendants argue that the no sue promise is barred in this action since it constitutes a compulsory

cross-complaint in the underlying action. Defendants rely on California Code of Civil Procedure section 426.30 ("section 426.30") which provides in relevant part that "if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any action assert against the plaintiff the related cause of action."

"The law abhors a multiplicity of actions, and the obvious intent of the Legislature . . . was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction. . . . Thus, a party cannot by negligence or design withhold issues and litigate them in successive actions; he may not split his demands or defenses; he may not submit his case in piecemeal fashion." *Flickinger v. Swedlow Engineering Co.*, 45 Cal.2d 388, 393, 289 P.2d 214 (1955).

The phrase "related cause of action" in section 426.30 is defined as "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." *Align Technology, Inc. v. Bao Tran*, 179 Cal.App.4th 949, 960, 102 Cal.Rptr.3d 343 (2009) (quoting Cal. Code Civ. Proc., § 426.10(c)). "Because of the liberal construction given to the statute to accomplish its purpose of avoiding a multiplicity of actions, 'transaction' is construed broadly; it is 'not confined to a single, isolated act or occurrence . . . but may embrace a series of acts or occurrences logically interrelated.'" *Align Technology*, 179 Cal.App.4th at 960, 102 Cal.Rptr.3d 343 (citations omitted).

Defendants note that in the underlying action, Crest Ltd. pursued allegations regarding the "negotiations, agreements and terms" of the Canfield Ranch Project. Defendants characterize plaintiffs in this action to have alleged a breach of contract claim "based on the exact set of facts" as those present in the underlying action. Defendants accuse plaintiffs of piecemeal litigation by withholding issues from the underlying action.

Plaintiffs respond that the allegations in this action and the underlying action arise out of different transactions and occurrences. Plaintiffs argue that the purpose of the no sue promise at issue in this action "was to govern the parties' behavior should the negotiations not go forward" and arose before the parties negotiated an agreement for Crest Ltd.'s participation in the Canfield Ranch Project. Plaintiffs continue that the underlying action agreement addressed "the parties' behavior relating to

actual participation in the Canfield Ranch Project." Plaintiffs conclude that the no sue promise and underlying action agreement "were separately made and distinct in subject matter, rights, obligations, and facts giving rise to their alleged formation and subsequent breach.

Plaintiffs further contend that a claim arising under the no sue promise had not matured when the underlying action was filed because plaintiffs' damages remained undetermined. Plaintiffs point to California Civil Code section 3300 which provides in pertinent part: "For the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Plaintiffs equate a no sue promise claim to a malicious prosecution claim which is not ripe until termination of an underlying action. Plaintiffs conclude that their damages continued until the underlying action concluded.

The transaction at issue in the underlying action was development of the Canfield Ranch Project. The transaction at issue in this action is an alleged promise not to sue. Although both the underlying action and this action touch on the Canfield Ranch Project, this action's scope is much narrower – an alleged promise not to sue. Plaintiffs raise valid points that a claim under the no sue promise was not fully ripe at the time plaintiffs answer was due in the underlying action and that their damages continued as the underlying action continued. As such, the no sue promise was not subject to the underlying action as a compulsory cross-claim. That said, plaintiffs' amended complaint will need to clarify the particulars and circumstances of the no sue promise to satisfy F.R.Civ.P. 8, as addressed above.

**MR. HORAN'S F.R.Civ.P. 12(b)(2) MOTION TO DISMISS**

Defendants contend that California lacks personal jurisdiction over Mr. Horan given his Texas residence and lack of minimum contacts with California.

In personam jurisdiction is required when a judgment is sought as to a defendant personally. Personal jurisdiction is an essential element of a court's jurisdiction and without it, a court "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 1572 (1999). "Because a court without jurisdiction over the parties cannot render a valid judgement, [the court] must address Defendants' personal jurisdiction argument before reaching the merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

F.R.Civ.P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of personal jurisdiction." A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Although the defendant is the moving party on a F.R.Civ.P. 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction." *Rio Properties*, 284 F.3d at 1019.

Federal courts lack nationwide personal jurisdiction and have no broader power over persons outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A).

Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984). Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). A plaintiff has the burden to make a prima facie showing of a court's personal jurisdiction over a defendant. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Defendants note that the complaint lacks facts for personal jurisdiction over Mr. Horan in that the complaint alleges that Crest Ltd. breached the no sue promise with plaintiffs and fails to allege Mr. Horan's California domicile or consent to California jurisdiction. Defendants continue that although a corporation may be subject to local jurisdiction, its non-resident officers, directors and employees are not necessarily subject to the local jurisdiction. Defendants conclude that although they do not dispute Crest Ltd. and Crest Management's minimum contacts with California, Mr. Horan is not subject to California jurisdiction based on his relationship with Crest Ltd. and Crest Management.

Defendants are correct. Nothing in the record reveals that Mr. Horan is subject to personal jurisdiction in this Court. Plaintiffs do not contest that absence of personal jurisdiction over Mr. Horan.

Plaintiffs further fail to challenge Crest Management's dismissal. As such, Mr. Horan and Crest Management are dismissed from this action.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES without prejudice this action against Crest Ltd. and subject to leave to amend;
2. DISMISSES with prejudice this action against Crest Management and Mr. Horan;
3. DIRECTS the clerk to enter judgment in favor of defendants Crest Oil & Gas Management Corp. and Edwin Horan, III and against plaintiffs ZTEX Energy, LLC, Vista Energy, LLC, and Kerry Kemp in that no just reason to delay to enter such judgment exists given that plaintiffs' claims against Crest Management and Mr. Horan and their alleged liability are clear and distinct from claims against and liability of any other defendant. *See* F.R.Civ.P. 54(b); and
4. ORDERS plaintiffs, no later than February 23, 2011, to file and serve an amended complaint[3] against Crest Ltd. or papers to dismiss this action against Crest Ltd.; and
5. ORDERS Crest Ltd., no later than March 11, 2011, to file and serve papers to respond to the first amended complaint, if necessary.

IT IS SO ORDERED.

**Dated: February 8, 2011** **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

[3] This Court will not accept a California Judicial Council form complaint.