IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZTEX ENERGY, LLC, et al., | CASE NO. CV F 11-0007 LJO JLT |
| Plaintiffs, | **ORDER ON DEFENDANT'S F.R.Civ.P. 12 MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| vs. | (Doc. 17.) |
| CREST OIL & GAS, LTD., et al, | |
| Defendant. | |

## INTRODUCTION

Defendant Crest Oil & Gas, Ltd. ("Crest Oil") seeks to dismiss plaintiffs' sole breach of contract claim in absence of allegations that its claimed agent had authority to bind Crest Oil to the alleged contract. Crest Oil further seeks to dismiss plaintiff Vista Energy, LLC ("Vista Energy") in the absence of an alleged contract between Crest Oil and Vista Energy. This Court considered Crest Oil's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the April 20, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES dismissal of the FAC.

## BACKGROUND[1]

### Summary

The FAC refers to plaintiff "ZTEX Energy, LLC/Vista Energy, LLC" as a combined California

---

[1] The factual recitation is derived generally from plaintiffs' First Amended Complaint for Breach of Contract ("FAC"), the target of Crest Oil's challenges.

1

limited liability company. Plaintiffs' opposition papers indicate that ZTEX Energy, LLC amended its articles of incorporation to change its name to Vista Energy, LLC, that these names are interchangeable, and that ZTEX Energy, LLC and Vista Energy, LLC "are effectively one and the same."[2] Plaintiff Kerry Kemp ("Mr. Kemp") is ZTEX/Vista Energy's authorized agent.[3]

Crest Oil is a Texas limited partnership. According to the FAC, former defendant Edwin Horan III ("Mr. Horan") acted on Crest Oil's behalf "as an authorized agent."

### Oral Agreement Not To Sue

In 2006, ZTEX/Vista Energy looked for investors and participants in the Canfield Ranch Project, an oil and natural gas project near Bakersfield. In December 2006, Mr. Horan inquired of Mr. Zemp about the Canfield Ranch Project. Mr. Zemp expressed reservations to work with Mr. Horan and Crest Oil because of their "reputation for being unreasonably litigious." Mr. Horan "made an oral promise on behalf of Crest Oil that Crest Oil would not sue Zemp or ZTEX[4] if Zemp would discuss the Canfield Ranch Project with Horan and attempt to come to an agreement allowing Crest Oil to participate in the Canfield Ranch Project."[5] As such, ZTEX/Vista Energy began discussions with Crest Oil about the Canfield Ranch Project and which continued until early April 2007.

After four months of negotiations, Mr. Zemp informed Mr. Horan that ZTEX/Vista Energy considered "another plan" where ZTEX/Vista Energy would drill the project with funding from an entity other than Crest Oil. Mr. Zemp sent Mr. Horan a letter to confirm that ZTEX/Vista Energy had made arrangements for another entity to fund the Canfield Ranch Project.

### Underlying Action

In October 2008, Crest Oil filed its Kern County Superior Court action entitled *Crest Oil & Gas, Ltd. v. Wells Fargo Energy Capital, Inc., et al.*, Case No. S-1500-CV-265303-WDP ("underlying

---

[2] Based on such representation, this Court will treat ZTEX Energy, LLC and Vista Energy, LLC as a single, identical entity different in names only and will refer to such entity as "ZTEX/Vista Energy."

[3] ZTEX/Vista Energy and Mr. Kemp will be referred to collectively as "plaintiffs."

[4] The FAC refers to ZTEX/Vista Energy as "ZTEX."

[5] This Court will refer to the promise at issue in this action as the "no sue promise."

action"), which has been litigated to completion. The original complaint in the underlying action named plaintiffs and Wells Fargo Energy Capital, Inc. ("Wells Fargo Energy") as defendants and pursued breach of contract, fraud, and trade secret misappropriation claims. The gist of Crest Oil's claims in the underlying action was that Crest Oil and ZTEX/Vista Energy entered into a December 2006 agreement for Crest Oil's financial investment into exploration of gas and oil for the Canfield Ranch Project and that in April 2007, ZTEX/Vista Energy eliminated Crest Oil's participation in the Canfield Ranch Project given that Wells Fargo Energy agreed to fund the Canfield Ranch Project in exchange for a financial interest in it. In short, the underlying action alleged that ZTEX/Vista Energy edged out Crest Oil in favor of Wells Fargo Energy.

**Plaintiffs' Claims**

On October 19, 2010, plaintiffs filed a Kern County Superior Court action to allege Crest Oil's breach of the no sue promise. Crest Oil removed the action to this Court which dismissed with limited leave to amend plaintiffs' original complaint. Plaintiffs proceed on the FAC to recover plaintiffs' defense costs incurred in the underlying action as a result of breach of the no sue promise.

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

Crest Oil contends that the FAC's sole breach of contract claim is subject to dismissal in that the FAC lacks facts of Mr. Horan's authority to bind Crest Oil to the no sue promise.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

3

can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to Crest Oil's challenges to the FAC.

### Authority To Bind A Limited Partnership

Crest Oil notes that only a "general partner may act on behalf of a limited partnership" and that the FAC lacks allegations that Mr. Horan was a Crest Oil general partner to bind Crest Oil, a limited partnership. Crest Oil notes limitations to partnership liability under Texas and California law.

Texas Business Organizations Code section 152.303(a) limits a partnership's liability "for loss or injury to a person . . . or for a penalty caused by or incurred as a result of a wrongful act or omission or other actionable conduct or a partner acting: (1) in the ordinary course of business of the partnership; or (2) with the authority of the partnership."

California Corporations Code section 15904.02(a) addresses a general partner's authority and provides in pertinent part:

> Each general partner is an agent of the limited partnership for the purposes of its activities. An act of a general partner . . . for apparently carrying on in the ordinary course the limited partnership's activities or activities of the kind carried on by the limited partnership binds the limited partnership, unless the general partner did not have authority to act for the limited partnership in the particular matter and the person with which the general partner was dealing knew, had received a notification, or had notice under subdivision (d) of Section 15901.03 that the general partner lacked authority.

5

California Corporations Code section 15904.03(a) addresses a limited partnership's liability and provides: "A limited partnership is liable for loss or injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission, or other actionable conduct, of a general partner acting in the ordinary course of activities of the limited partnership or with authority of the limited partnership."

Crest Oil faults the FAC's limited allegation that Mr. Horan acted as its "authorized agent," which lacks requisite authority to bind a limited partnership under Texas or California law. Crest Oil argues that only a general partner acting with authority is able to act on a limited partnership's behalf, and only an authorized general partner may bind a limited partnership.

Plaintiffs respond that the FAC adequately alleges that Mr. Horan "was acting on behalf of Crest Oil as an authorized agent." Plaintiffs point to the FAC's allegation that "Horan, made an oral promise on behalf of Crest Oil that Crest Oil would not sue Zemp or ZTEX if Zemp would discuss the Canfield Ranch Project with Horan and attempt to come to an agreement allowing Crest Oil to participate in the Canfield Ranch Project."

Plaintiffs argue that a partnership may be "bound through someone who purports to be a partner or have authority to act as such." Plaintiffs point to California Corporations Code section 16308(b), which provides:

> If a person is thus represented to be a partner in an existing partnership, or with one or more persons not partners, the purported partner is an agent of persons consenting to the representation to bind them to the same extent and in the same manner as if the purported partner were a partner, with respect to persons who enter into transactions in reliance upon the representation. If all of the partners of the existing partnership consent to the representation, a partnership act or obligation results. If fewer than all of the partners of the existing partnership consent to the representation, the person acting and the partners consenting to the representation are jointly and severally liable.

Plaintiffs argue that a "course of conduct" establishes partner status if it "is such as to induce a reasonable and prudent man to believe that which the conduct would imply." *Crabbe v. Mires*, 112 Cal.App.2d 456, 459, 246 P.2d 991 (1952). Plaintiffs conclude that the FAC establishes that Mr. Horan "held himself out to have authority to bind Crest Oil" and that the "true status of Horan as a 'partner' of Crest Oil is a factual issue."

This Court agrees with plaintiffs that the FAC adequately alleges that Mr. Horan acted on Crest Oil's behalf "as an authorized agent" and that Mr. Horan's precise agent status is a factual issue subject

to discovery. The FAC alleges that Mr. Horan "contacted Zemp to inquire about the Canfield Ranch Project" and made the no sue promise on Crest Oil's behalf. The inferences from the FAC are that Mr. Horan and Mr. Zemp acted as authorized agents for Crest Oil and ZTEX/Vista Energy, respectively.

### **Absence Of Contract With Vista Energy**

Crest Oil seeks to dismiss Vista Energy as a plaintiff in the absence of allegations of existence of or breach of a contract with Vista Energy.

"The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178, 80 Cal.Rptr.3d 6 (2008). "To form a contract, an 'offer must be sufficiently definite . . . that the performance promised is reasonably certain.'" *Alexander v. Codemasters Group Limited*, 104 Cal.App.4th 129, 141. 127 Cal.Rptr.2d 145 (2002).

Essential elements to contract existence are: (1) "[p]arties capable of contracting;" (2) "[t]heir consent;" (3) a "lawful object;" and (4) a "sufficient cause or consideration." Cal. Civ. Code, § 1550.

Plaintiffs clarify that ZTEX Energy, LLC changed its name to Vista Energy, LLC. As such, this Court will treat ZTEX/Vista Energy as the same entity. Crest Oil may engage in discovery to confirm the name change. As such, there is no need to dismiss Vista Energy, LLC at this time by way of the instant procedure.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES dismissal of the FAC; and
2. ORDERS Crest Oil, no later than April 26, 2011, to file an answer to the FAC.

IT IS SO ORDERED.

Dated:   April 8, 2011                             /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE