IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZTEX ENERGY, LLC/ VISTA ENERGY, LLC and KERRY ZEMP,<br><br>    Plaintiffs,<br><br>    v.<br><br>CREST OIL & GAS, LTD, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00007- LJO JLT<br><br>ORDER TO PLAINTIFFS TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED FOR THEIR FAILURE TO COMPLY WITH COURT ORDERS AND THEIR FAILURE TO PROSECUTE THIS ACTION |

**I.  Background**

On September 19, 2011, the Court granted Plaintiffs' attorney, Philip Ganong's, motion to withdraw. (Doc. 35) At the same time, the Court ordered the corporate Plaintiffs to obtain replacement counsel and to appear within 21 days of the order. Id. at 3. Despite the passage of more than three months, replacement counsel for the corporate Plaintiffs have not appeared. Moreover, all Plaintiffs have failed to lodge a confidential settlement conference statement, as required by the scheduling order. (Doc. 26 at 6)

**II.  Failure to obey the Court's orders**

This Court's Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III.  Discussion and Analysis

"It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original); LR 183(a). Further, a court may sanction corporate defendants by striking their answer when they fail to retain counsel to defend themselves. See Galtieri-Carlson v. Victoria M. Morton Enters., Inc., 2010 U.S. Dist. LEXIS 95335, at *3 (E.D. Cal. Aug. 26, 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel); Rojas v. Hawgs Seafood Bar, Inc., 2009 U.S. Dist. LEXIS 41435 at *2 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it").

Pursuant to the Local Rule and applicable case law, the corporate defendants may not appear in this case without counsel. The corporate defendants' original counsel withdrew in September 2011 and the corporate Plaintiffs have failed to retain alternate counsel since that date. This inaction is in direct violation of the court's order.

The corporate Plaintiffs were warned that their failure to comply with the Court's order for replacement counsel to appear "may result in dismissal of this action pursuant to Local Rule 110." (Doc. 35 at 4) Similarly, all Plaintiffs were advised that their failure to comply with the scheduling order "may result in the imposition of sanctions."  (Doc. 26 at 7)

**ORDER**

Accordingly, Plaintiffs are **ORDERED** to show cause within 14 days of the date of service of

1 | this order why the action should not be dismissed for their failure to prosecute this action and their
2 | failure to obey the orders of the Court.
3 |
4 | IT IS SO ORDERED.
5 | Dated:   **February 15, 2012**                                    **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE