IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZTEX ENERGY, LLC/ VISTA ENERGY, LLC and KERRY ZEMP,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CREST OIL & GAS, LTD, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:11-cv-00007 LJO JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE THE ACTION |

Plaintiffs initiated this action in Kern County Superior Court on October 19, 2010 (Doc. 2, Exh. A), and Defendants removed the action on January 3, 2011, thereby commencing the matter in this Court. (Doc. 2). For the following reasons, the Court recommends the action be **DISMISSED WITH PREJUDICE**.

I.   **Background and Procedural History**

On September 19, 2011, the Court granted the motion to withdraw filed by Plaintiff's attorney, Philip Ganong. (Doc. 35). At the same time, the Court ordered the corporate Plaintiffs to obtain replacement counsel and appear within 21 days of the Order. *Id.* at 3. Despite the passage of more than three months, replacement counsel for the corporate Plaintiffs have not appeared. In addition, all Plaintiffs failed to lodge a confidential settlement conference statement, as required by the scheduling order. (Doc. 26 at 6). Therefore, on February 15, 2012, the Court ordered Plaintiffs to show cause within fourteen days why the action should not be dismissed for their failure to

prosecute and failure to obey orders of the Court.  (Doc. 38).  Although a response was due by February 29, 2012, Plaintiffs have failed to comply with or otherwise respond to the Court's order.

## II.     Failure to prosecute and obey the Court's orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute and failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Notably, Plaintiffs have failed to take any action in the matter since the withdrawal of counsel on September 19, 2011, or to comply with the Court's orders.

Finally, the Court's warning to Plaintiffs that failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Plaintiffs were informed that failure to comply with the scheduling order "may result in the imposition of sanctions." (Doc. 26 at 7). In addition, in the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 38 at 2). Therefore, Plaintiffs had adequate warning that dismissal would result from noncompliance with the Court's orders, and a failure to prosecute the action. Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV. Findings and Recommendation

Plaintiffs have failed to prosecute this action or comply with the Court's orders. Further, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the action.

Accordingly, **IT IS HEREBY RECOMMENDED**:

This action be **DISMISSED WITH PREJUDICE** for Plaintiffs' failure to prosecute and failure to obey the Court's orders dated April 27, 2011, August 15, 2011 and February 15, 2012.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 6, 2012**                                   /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE